## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JIM GRAHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-cv-1365 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Defendant. | ) ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 4). Plaintiff filed a Complaint on April 23, 2012, in the Circuit Court in Peoria County, Illinois, stating three state law claims under the Illinois Human Rights Act. (Doc. 1-4). Plaintiff moved the state court to amend his Complaint on August 14, 2012, with a proposed amended complaint containing three federal law claims. (Doc. 6-1). The motion was granted on September 6, 2012. (Order, Doc. 7-1 at 21). Defendant filed a Notice of Removal with this Court on September 19, 2012. (Doc. 1). Plaintiff moved to remand the suit to state court, arguing that the Notice of Removal was untimely. (Doc. 4). Defendant responded in opposition. (Doc. 6). For the reasons stated below, the Motion to Remand is denied.

### LEGAL STANDARD

A suit over which a federal district court has original subject-matter jurisdiction can be removed by the defendant from state court to federal court. 28 U.S.C. § 1441. In cases lacking diversity of citizenship, there is federal subject-

matter jurisdiction where a claim "arises under" federal law. 28 U.S.C. § 1331. Where the initial pleading does not provide grounds for federal subject-matter jurisdiction, 28 U.S.C. § 1446(b)(3) sets a time limit on when a notice of removal must be filed:

> Except as provided in subsection (c) [dealing with diversity cases], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

## DISCUSSION

There is no dispute that Plaintiff's added claims under the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964 arise under federal law, creating subject-matter jurisdiction that would normally allow for removal of a case. (Doc. 7-1 at 4-10). However, Plaintiff contends that Defendant's Notice of Removal was untimely under § 1446(b)(3), and so must be remanded.

Plaintiff argues that the thirty days under § 1446(b)(3) began when he filed his motion to amend his complaint to add federal causes of action. This argument is plainly without merit. The plain language of § 1446(b)(3), that the time runs from when "it may first be ascertained that the case is one which *is or has become* removable," means that the time does not begin until the case is removable. Until Plaintiff's motion to amend his complaint was granted, the case was not removable. 28 U.S.C. § 1446(b)(3) (emphasis added). The Seventh Circuit has reached the same conclusion. *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998). In an

indistinguishable situation, the court persuasively articulated the reason for such a conclusion:

> Until the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion. [Section 1446(b)(3)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge. When the motion was granted, the case first became removable, and it was promptly removed. It would be fantastic to suppose that the time for removing a case could run *before* the case became removable.

*Id.* Thus, Plaintiff's argument fails, and Defendant's Notice of Removal was timely filed, thirteen days after the time began to run.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is DENIED. Plaintiff is ORDERED to file a consolidated amended complaint within fourteen days after the date of this Order, containing all claims in one document in compliance with the Federal Rules of Civil Procedure. This case is REFERRED to Magistrate Judge Gorman for further pretrial proceedings.

Entered this 2nd day of November, 2012.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                      United States Senior District Judge