## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JIM GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   12-cv-1365 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss or Strike Count III of the Amended Complaint (Doc. 11). Defendant asserts that Count III, entitled "Gender Discrimination," is actually redundant of Count II, entitled "Reverse Race Discrimination," because the allegations under Count III are identical to those in Count II and do not assert discrimination based on sex or gender. On that basis, Defendant argues that Count III should be dismissed or stricken pursuant to Federal Rule of Civil Procedure 12(f).[1]

Rule 12(f) allows the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court has considerable discretion when deciding whether or not to strike a claim. *See Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Identical counts may be stricken as redundant. *See, e.g.*, *Munie v. Stag*

---

[1] Rule 12(f) does not provide for dismissal of a claim, and the Court cannot identify any other ground for dismissal in Defendant's one-page motion. Thus, only the request to strike Count III will be considered.

*Brewery*, 131 F.R.D. 559, 559-60 (S.D. Ill. 1989). As Plaintiff points out, however, separate claims should be stated in separate counts for clarity. Fed. R. Civ. P. 10(b). Plaintiff argues Count III is not redundant, as it is a claim for gender discrimination, distinct from the race discrimination claim in Count II. The only evidence of that is the title of the count—the allegations listed under the title make no reference to gender discrimination. Perhaps Plaintiff mis-typed the second paragraph under Count III, as it alleges he is "protected from adverse job actions by race," instead of the type of discrimination he intends to allege in that count. (Doc. 9 at ¶ 30). In any event, if properly plead, gender discrimination is a distinct claim, and it is not redundant of the race discrimination claim sought to be plead in Count II, despite the common set of facts. For clarity, it is logical to list these discrimination claims in separate counts, as they are separate claims. Thus, Count III will not be stricken on the grounds Defendant asserts, as it is not redundant of Count II.

However, the Court also notes a deeper problem with the Amended Complaint. Nowhere in Count III does Plaintiff allege he was terminated because of his sex. Even if paragraph 30 was supposed to allege Plaintiff was "protected from adverse job actions by sex" instead of "by race," poor grammar aside, there is still no allegation that adverse job actions were taken against him *because of* his sex or gender. Further, there is no allegation that adverse job actions were taken *because of* his age or his race, either. The sole allegations that even hint at discrimination are: 1) that the two men responsible for Plaintiff's termination are black, 2) a vague allegation that these two men "displayed a direct, obvious, and continual bias

against plaintiff and in favor of" the person who eventually replaced Plaintiff, and 3) that this person who replaced Plaintiff is a black female in her early fifties. Nowhere does Plaintiff allege this "bias" or his termination were because of his race, sex, or age. As it stands, the Complaint would likely not have survived a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). However, the Court will not sua sponte dismiss a complaint for failure to state a claim upon which relief can be granted. *See, e.g.*, *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1185 (7th Cir. 1989).

The Court finds it appropriate that Plaintiff be granted leave to amend his complaint to address the problems noted in this Order. Plaintiff may amend his complaint to comply with federal pleading requirements within twenty-one days of the date of this Order. Defendant may then file a responsive pleading or an appropriate motion. If Plaintiff fails to amend his complaint, Defendant is invited to file a motion for judgment on the pleadings pursuant to Rule 12(c).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss or Strike (Doc. 11) is DENIED. Plaintiff is GRANTED leave to amend his complaint within twenty-one days.

Entered this <u>14th</u> day of February, 2013.

                                                   s/ Joe B. McDade
                                             JOE BILLY McDADE
                                   United States Senior District Judge